DANIEL J. BALL (Mass. Bar No. 696458)
Email: balldan@sec.gov
Phone: 202-551-5987
LAURA J. CUNNINGHAM (DC Bar No. 1029465)
Email: cunninghaml@sec.gov
Phone: 202-551-8255

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>BERNARDO MENDIA-ALCARAZ (a/k/a Bernardo Mendia) and TOLTEC CAPITAL LLC,<br><br>    Defendants,<br><br>and<br><br>EDITH F. RAMIREZ CANO and FONDO TOLTEC S DE RL DE CV,<br><br>    Relief Defendants. | Case No. 3:24-cv-5823-RS<br><br>**SECOND CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-9(a) and the Clerk's Notice dated January 9, 2025 (ECF No. 20), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Second Case Management Statement.

On January 30, 2025, following the Clerk's entry of default (ECF No. 18), the SEC filed a motion for default judgment against Defendants and Relief Defendants (ECF No. 21). Defendants and Relief Defendants have not responded to that motion, and it is currently pending before the Court.

Defendants and Relief Defendants are also not represented by counsel and have otherwise not appeared in this action. Accordingly, the SEC addresses the items below from the Court's Standing Order, largely incorporating its first Case Management Statement filed on January 9, 2025 (ECF No. 19), without the input of Defendants or Relief Defendants.

1. **Jurisdiction and Service**: The Court has subject matter jurisdiction over the SEC's claims pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209(d), 209(e), and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e), and 80b-14]. There are no issues regarding personal jurisdiction or venue. And all Defendants and Relief Defendants have been served. *See* ECF No. 14.

2. **Facts**: This action arises from securities fraud perpetrated by Defendant Bernardo Mendia-Alcaraz ("Mendia-Alcaraz") and his wholly owned private equity firm, Defendant Toltec Capital LLC ("Toltec Capital") (together, "Defendants"), who defrauded numerous investors and a fund they advised out of millions of dollars. *See* ECF No. 1 ¶ 1. In brief, from at least December 12, 2019 through September 13, 2023 (the "Relevant Period"), Defendants engaged in securities fraud and unregistered securities offerings involving at least six private investment funds. In connection

with these unregistered offerings, Defendants raised approximately $3.3 million from at least 41 investors through a fraudulent scheme and by making materially false and misleading statements. *Id*. ¶ 2. Relief Defendants Edith F. Ramirez Cano ("Ramirez Cano") and Fondo Toltec S de RL de CV ("Fondo Toltec") (together, "Relief Defendants") received, directly or indirectly, funds or other property from Toltec Capital, which are the proceeds of, or traceable to the proceeds of, unlawful activities alleged in the Complaint and to which Relief Defendants have no legitimate claim. *Id*. ¶ 7. The SEC's Complaint sets out the relevant facts in greater detail. *See id*. ¶¶ 1-54.

In light of the default entered against Defendants and Relief Defendants, there are no factual issues in dispute.

3. **Legal Issues**: Given the default, the legal issues to be decided are whether to enter a default judgment and, if so, what remedies to order in that judgment.

4. **Motions**: The SEC filed a motion for default judgment against Defendants and Relief Defendants on January 30, 2025 (ECF No. 21). Defendants and Relief Defendants did not respond to that motion. On February 27, 2025, the Clerk vacated the motion hearing then scheduled for March 6, 2025, noting that, pursuant to Civil Local Rule 7-1(b), the motion would be submitted without oral argument. The motion is currently pending before the Court.

5. **Amendment of Pleadings**: At this time, the SEC does not anticipate amending its Complaint.

6. **Evidence Preservation**: The SEC's counsel have reviewed the ESI Guidelines. Because of the above-referenced default, the parties have not met and conferred regarding the preservation of evidence for this action.

7. **Disclosures**: Because Defendants and Relief Defendants are in default, initial disclosures have not been served.

8. **Discovery**: Because Defendants and Relief Defendants are in default, no discovery

has taken place in this action.

9. **Class Actions**: This is not a class action.

10. **Related Cases**: The SEC is not aware of any related cases.

11. **Relief**: In the Complaint, the SEC seeks permanent injunctive relief, disgorgement plus prejudgment interest, and civil penalties. The factual and legal bases for these remedies, and the specific amounts sought, are detailed in the SEC's motion for default judgment (ECF No. 21).

12. **Settlement and ADR**: Because Defendants and Relief Defendants are in default, settlement and/or ADR seem unlikely.

13. **Other References**: In the SEC's view, this case is not suitable for reference to arbitration, a special master, or the Panel on Multidistrict Litigation.

14. **Narrowing of Issues**: Because Defendants and Relief Defendants are in default, the only issues remaining to be decided are whether the SEC is entitled to default judgment and, if so, what remedies should be ordered.

15. **Scheduling**: In light of the above-referenced default, the SEC respectfully submits that the Court need not set dates for discovery, dispositive motions, and trial.

16. **Trial**: The SEC demanded a jury trial in the Complaint but, in light of the default, it appears that trial is unlikely.

17. **Disclosure of Non-party Interested Entities or Persons**: The SEC is a governmental party (*i.e.*, a federal agency) and thus it is not required to file the Certification referenced in Civil Local Rule 3-15.

18. **Professional Conduct**: Counsel for the SEC have reviewed the Guidelines for Professional Conduct in the Northern District of California.

19. **Other Matters**: Not applicable.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: April 3, 2025 | By: /s/ *Daniel J. Ball* |
| | Daniel J. Ball |
| | Laura J. Cunningham |
| | |
| | Attorneys for Plaintiff |
| | SECURITIES AND EXCHANGE COMMISSION |

# CERTIFICATE OF SERVICE

I certify that on April 3, 2025, I filed the foregoing document through the Court's CM/ECF system and, in an abundance of caution, sent a copy of the foregoing document by email to the following:

Bernardo Mendia-Alcaraz
bernardo.men.alcaraz@hotmail.com

Dated: April 3, 2025            /s/ Daniel J. Ball
                                Daniel J. Ball